# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### (MONTGOMERY DIVISION)

**WINSTON EDWARDS,**

    **PLAINTIFF,**

**V.**

**EQUIFAX INFORMATION SERVIES, LLC,**
**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**TRANS UNION LLC AND**
**COMPASS BANK,**

    **DEFENDANTS.**

*RECEIVED*

2015 SEP -9 ⊃ 3: 19

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**CIVIL ACTION NO.:** 2:15- cv-650-MHT

**DEMAND FOR JURY TRIAL**

## COMPLAINT

### PRELIMINARY STATEMENT

1.    This is an action for damages brought by an individual consumer, Winston Edwards, against Equifax Information Services, LLC, Experian Information Solutions, Inc., Trans Union, LLC, and Compass Bank (collectively "Defendants"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*, as amended.

### THE PARTIES

2.    Plaintiff Winston Edwards ("Plaintiff") is an adult individual resident of this judicial district. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

3.    Defendant Trans Union, LLC ("Trans Union"), is a business entity which regularly conducts business in this judicial district, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

4.     Defendant Equifax Information Services, LLC ("Equifax") is a business entity that regularly conducts business in this judicial district, and which has a principle place of business at 1550 Peachtree St. NE, Atlanta, Georgia 30309.

5.     Defendant Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in this judicial district, and which has a principal place of business located at 701 Experian Parkway, Allen, Texas 75013.

6.     Defendant Compass Bank ("Compass") is a business entity that regularly conducts business in this judicial district, and which has a principal place of business at 505 20th Street North, Birmingham, Alabama 35203. Compass is a person who furnishes information to consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

## JURISDICTION & VENUE

7.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

8.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

9.     Defendants have been reporting inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information").

10.     The inaccurate information includes, but is not limited to, account information with Compass.

11.     The information is false because the account was included in Plaintiff's bankruptcy.

2

12.   The inaccurate information incorrectly depicts Plaintiff's credit worthiness.

13.   Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information in consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

14.   Plaintiff disputed the inaccurate information with Defendants by following Equifax, Experian, and Trans Union established procedures for disputing consumer credit information.

15.   Notwithstanding Plaintiff's efforts, at least one consumer reporting agency notified Plaintiff of its intent to continue reporting the inaccurate information. Further at least one of the CRA defendants failed to provide Plaintiff with a copy of his consumer disclosure upon request, redact Plaintiff's Social Security number from his consumer disclosure, send Plaintiff the steps the CRAs took when investigating Plaintiff's dispute, and failed to investigate a disputed address.

16.   Despite Plaintiff's efforts, Equifax, Experian and Trans Union have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties (other than Compass) that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; or (4) requested or obtained any credit applications, public records or other relevant documents from the entities furnishing the inaccurate information.

17.   At least one CRA notified Compass of Plaintiff's dispute.

18.   Compass failed to investigate the disputed information.

19.   Compass failed to modify, edit or delete the disputed information.

20.   Compass had notice that Plaintiff filed bankruptcy.

21.   Compass had notice that accounts associated with Plaintiff were included in bankruptcy.

22.   Compass verified the account as reported to at least one CRA.

23.   Compass failed to any court records that would have relevant information concerning Plaintiff's disputes.

24.   Compass did not contact third parties that would have relevant information concerning Plaintiff's disputes.

25.   Compass did not request information from Plaintiff about his disputes.

26.   Compass failed to perform a reasonable investigation.

27.   As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

28.   At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

29.   At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the

4

Plaintiff herein.

### FIRST CLAIM FOR RELIEF
(against Experian)
(Negligent Noncompliance with FCRA)

30.     Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

31.     Experian negligently failed to comply with the requirements of the FCRA.

32.     As a result of Experian's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to his reputation, invasion of privacy, emotional distress and interference with his normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

33.     Plaintiff requests his attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

### SECOND CLAIM FOR RELIEF
(against Experian)
(Willful Noncompliance with FCRA)

34.     Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

35.     Experian willfully failed to comply with the requirements of the FCRA.

36.     As a result of Experian's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to his reputation, invasion of privacy, emotional distress and interference with his normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks punitive damages in an amount to be determined by the jury.

37.     Plaintiff requests his attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

### THIRD CLAIM FOR RELIEF
(against Trans Union)
(Negligent Noncompliance with FCRA)

38.     Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

39.     Trans Union negligently failed to comply with the requirements of the FCRA.

40.     As a result of Trans Union's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to his reputation, invasion of privacy, emotional distress and interference with his normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

41.     Plaintiff requests his attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

### FOURTH CLAIM FOR RELIEF
(against Trans Union)
(Willful Noncompliance with FCRA)

42.     Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

43.     Trans Union willfully failed to comply with the requirements of the FCRA including, but not limited to, 15 U.S.C. §§ 1681i and e(b).

44.     As a result of Trans Union's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to his reputation, invasion of privacy, emotional distress and interference with his normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.   Plaintiff also seeks punitive damages in an amount to be determined by the jury.

45.     Plaintiff requests his attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

## FIFTH CLAIM FOR RELIEF
### (against Equifax)
### (Negligent Noncompliance with FCRA)

46.     Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

47.     Equifax negligently failed to comply with the requirements of the FCRA.

48.     As a result of Equifax's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to his reputation, invasion of privacy, emotional distress and interference with his normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

49.     Plaintiff requests his attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

## SIXTH CLAIM FOR RELIEF
### (against Equifax)
### (Willful Noncompliance with FCRA)

50.     Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

51.     Equifax willfully failed to comply with the requirements of the FCRA.

52.     As a result of Equifax's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to his reputation, invasion of privacy, emotional distress and interference with his normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks punitive damages in an amount to be determined by the jury.

53.     Plaintiff requests his attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

## SEVENTH CLAIM FOR RELIEF
### (against COMPASS)
### (Negligent Noncompliance with FCRA)

54.     Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

55.     Compass negligently failed to comply with the requirements of the FCRA, pursuant to 15 U.S.C. § 1681s-2(b)[1].

56.     As a result of Compass' failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

57.     Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

## EIGHTH CLAIM FOR RELIEF
### (against COMPASS)
### (Willful Noncompliance with FCRA)

58.     Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

59.     Compass willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b)[2].

60.     As a result of Compass' failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which

---

[1] Plaintiff is not making a claim against Compass under 1681s-2(a).

[2] Plaintiff is not making a claim against Compass under 1681s-2(a).

Plaintiff seeks damages in an amount to be determined by the jury.

61. Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

62. Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

63. Plaintiff requests a jury trial on all issues so triable.

## **PRAYER**

WHEREFORE, Plaintiff seeks judgment against Defendants, as follows:

On the First Claim for Relief:

1. Actual damages to be determined by the jury;

2. Attorneys' fees;

3. Costs and expenses incurred in the action;

On the Second Claim for Relief:

1. Actual damages to be determined by the jury;

2. Statutory and punitive damages to be determined by the jury;

3. Attorneys' fees; and

4. Costs and expenses incurred in the action.

On the Third Claim for Relief:

1. Actual damages to be determined by the jury;

2. Attorneys' fees;

3. Costs and expenses incurred in the action;

On the Fourth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Statutory and punitive damages to be determined by the jury;

3. Attorneys' fees; and

4.      Costs and expenses incurred in the action.

On the Fifth Claim for Relief:

1.      Actual damages to be determined by the jury;

2.      Attorneys' fees;

3.      Costs and expenses incurred in the action;

On the Sixth Claim for Relief:

1.      Actual damages to be determined by the jury;

2.      Statutory and punitive damages to be determined by the jury;

3.      Attorneys' fees; and

4.      Costs and expenses incurred in the action.

On the Seventh Claim for Relief:

1.      Actual damages to be determined by the jury;

2.      Attorneys' fees;

3.      Costs and expenses incurred in the action;

On the Eighth Claim for Relief:

1.      Actual damages to be determined by the jury;

2.      Statutory and punitive damages to be determined by the jury;

3.      Attorneys' fees; and

4.      Costs and expenses incurred in the action.

Dated: September 8, 2015

Respectfully submitted,

Micah S. Adkins (ASB-8639-I48A)
THE ADKINS FIRM, P.C.
301 19th Street North, Suite 581
The Kress Building
Birmingham, AL 35203

Telephone: (205) 458-1202
Facsimile: (205) 208-9632
Email: MicahAdkins@ItsYourCreditReport.com
*Attorney for Plaintiff*